### PINGS et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 20, 1896.)

CUSTOMS DUTIES—PENALTY FOR UNDERVALUATION—GLOVES.
When the question whether goods are to pay a specific or an ad valorem duty depends on whether they exceed a certain value (as in the case of gloves, under paragraph 458 of the act of 1890), an appraisement is essential under section 7 of the customs administrative act of June 10, 1890; and, if the appraisement disclose that the goods have been undervalued more than 10 per cent., they are subject to the penalty of an increased duty, although the excess of over 10 per cent. on the invoice value is not sufficient to require an ad valorem instead of a specific duty.

This is an appeal from a decision of the circuit court, Southern district of New York, reversing a decision of the board of general appraisers, which reversed a decision of the collector of the port of New York exacting a penal duty for undervaluation of certain kid gloves imported under the tariff act of 1890.

Stephen G. Clark, for appellants.

Henry C. Platt, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The rates of duty on gloves of the kind imported are prescribed in paragraph 458 of the act of October 1, 1890. It provides that:

"Gloves of all descriptions, composed wholly or in part of kid or other leather, * * * shall pay duty at the rates fixed in connection with the following specified kinds thereof, fourteen inches in extreme length, * * * being fixed as the standard, and one dozen pairs as the basis, namely: Ladies' and children's Schmaschen of said length or under, one dollar and seventy-five cents per dozen; ladies' and children's lamb of said length or under, two dollars and twenty-five cents per dozen; * * * ladies' and children's suedes of said length or under, 50% ad valorem; all other ladies' and children's leather gloves and all men's leather gloves of said length or under. 50% ad valorem; all leather gloves over fourteen inches in length, 50% ad valorem. [Here follow other provisions for additional specific duties on other named varieties.] Provided, that all gloves represented to be of a kind or grade below their actual kind or grade shall pay an additional duty of five dollars per dozen pairs: provided further, that none of the articles named in this paragraph shall pay a less rate of duty than 50% ad valorem."

The importations in question are "ladies' and children's Schmaschen gloves, under fourteen inches in length." As such, they were dutiable at $1.75 per dozen, unless their value exceeded $3.50 per dozen, in which case they would be dutiable at 50 per cent. ad valorem. The appraiser advanced their value in excess of 10 per cent. of the value declared in the entry, and the propriety of this advance is not questioned. The appraised value, however, is not in excess of $3.50 per dozen. The collector held the merchandise liable to the additional or penal duty prescribed by section 7 of the customs administrative act of June, 1890. The importer contends, and the board of general appraisers sustained his contention, that no penal duty should be exacted, because gloves of this kind and grade pay a specific duty, and because the advance, although in excess of 10 per cent., was not sufficient to require them to pay the ad valorem duty exacted by the last proviso of the paragraph above quoted.

Section 7 of the act of June 10, 1890, provides that the importer—

"Of any imported merchandise which has been actually purchased may. * * * when he shall make and verify his written entry of such merchandise. * * * make such addition in the entry to the cost or value given in the invoice * * * as in his opinion may raise the same to the actual market value of such merchandise; * * * and the collector * * * shall cause the actual market value * * * to be appraised; and if the appraised value of any article of imported merchandise shall exceed by more than 10% the value declared in the entry, there shall be levied, collected and paid, in addition to the duties imposed by law on such merchandise, a further sum equal to two per cent. of the total appraised value for each one per cent. that such appraised value exceeds the value declared in the invoice." etc.

Section 19 of the same act provides for appraisement of value "whenever imported merchandise is subject to an ad valorem rate of duty, or to a duty based upon or regulated in any manner by the value thereof."

Where duties are purely specific, no appraisement is required, and none is made; but under the provisions of a paragraph such as 458, above quoted, where the value of the goods determines the question whether they are to pay specific or ad valorem duty, appraisement is essential; and it is to be expected that the statute should require the importer himself to state the value of his goods fairly and truthfully, and to enforce that requirement by appropriate penalties. We see no reason, therefore, for restricting the broad language of the statute, and concur with the judge who heard the case in the circuit court that "the statutes require that all imports be entered at fair value; and this provision for increasing duties for undervaluations of more than 10 per cent. makes no distinction between specific and ad valorem duties, or between undervaluations that may affect the amount of regular duties and those that will not."

The decision of the circuit court is affirmed.