### UNITED STATES v. NUCKOLLS.

(Circuit Court of Appeals, Eighth Circuit. November 12, 1902.)

No. 1,739.

1. CUSTOMS DUTIES—UNDERVALUATION—SUBJECTION TO ADDITIONAL DUTY.

Under section 32 of the tariff act of 1897 [U. S. Comp. St. 1901, pp. 1701, 1893], amendatory of sections 7 and 11 of the customs administrative act of 1890, which provides that if the appraised value of any article of imported merchandise subject to an ad valorem duty, "or to a duty based upon or regulated in any manner by the value thereof," shall exceed the value declared in the entry, an additional duty shall be levied

and collected, proportionate to the undervaluation, such additional duty is collectible when the question whether the goods are to pay a specific or an ad valorem duty depends upon whether they exceed a certain value, and the appraisement shows an undervaluation, even though the appraised value is not sufficient to subject them to an ad valorem duty.

**2. SAME—COLLECTION BY SUIT.**

The fact that a collector fails to levy an additional duty upon imported goods, to which they are subject under the statute by reason of undervaluation, does not affect the right of the United States to recover the same by suit.

In Error to the Circuit Court of the United States for the District of Colorado.

Earl M. Cranston, U. S. Atty.

John R. Dixon, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge. Section 32 of the tariff act, approved July 24, 1897 (30 Stat. 212 [U. S. Comp. St. 1901, pp. 1701, 1893] ), which section amended sections 7 and 11 of the act to simplify the laws in relation to the collection of the revenues, which was approved July 10, 1890, declares that "if the appraised value of any article of imported merchandise subject to an ad valorem duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the value declared in the entry, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of one percentum of the total appraised value thereof for each one percentum that such appraised value exceeds the value declared in the entry, but the additional duties shall only apply to the particular article or articles in each invoice that are so undervalued and shall be limited to fifty percentum of the appraised value of such article or articles." While this law was in force E. Nuckolls, the defendant in error, caused to be imported into the United States from Mexico certain cattle, which were actually purchased by him. A part of these cattle consisted of 119 two year old steers. Nuckolls invoiced only 118 two year old steers, and when he entered them placed a value thereon of $9.25 per head, making the total invoiced value $1,092. The collector of the port of El Paso, where the cattle were entered, caused an appraisement of the actual market value and the wholesale price of the cattle to be made, and found that the 118 two year old steers, which were entered by Nuckolls, were of the aggregate value of $1,303.95, or, in other words, that the steers were worth $11.05 per head. The appraised value, therefore, exceeded the invoiced value by about $1.80 per head. In view of these facts the government claimed the additional duty imposed by section 32 of the act of July 24, 1897, supra, the sum claimed amounting to $247.55, and it brought this action to recover that sum. A general demurrer to the complaint was filed, which was sustained by the circuit court on the theory, as it is said, that, inasmuch as the undervaluation did not lessen the rate of duty to be paid to the government, the additional duty claimed on account of undervaluation could not be recovered.

¶ 2. See Customs Duties, vol. 15, Cent. Dig. § 222.

Paragraph 218 of Schedule G of the tariff act of July 24, 1897 (30 Stat. 169 [U. S. Comp. St. 1901, p. 1648]), imposes a duty of $2 per head on cattle if they are less than one year old, and declares that all other cattle if valued at not more than $14 per head shall pay a duty of $3.75 per head, and if valued at more than $14 per head a duty of 27½ per cent. ad valorem. It is true, therefore, that as the cattle in question, when correctly appraised, were not worth more than $14 per head, they did not become subject to an ad valorem duty, and that the amount of the duty payable to the government was not lessened by reason of the undervaluation. The statute, however, by its terms, imposes an additional duty of 1 per centum on account of an undervaluation, not only when the article is subject to an ad valorem duty, but also when the duty upon the article is "based upon or regulated in any manner by the value thereof." The case seems to fall, therefore, strictly within the letter and spirit of the act; for the duty on cattle, as heretofore shown, is based upon, and regulated in a measure by, the value of the animals. If cattle are more than one year old, and are valued at a sum exceeding $14 per head, they pay an ad valorem duty; otherwise the duty payable on cattle over one year old is a specific duty of $3.75 per head. The additional duty of 1 per centum is imposed, undoubtedly, to compel importers, when they enter merchandise, to make a truthful declaration concerning the value thereof, whenever the value of an article has a direct bearing upon the duty to be paid. The precise question which is involved in this case arose in Pings v. U. S., 18 C. C. A. 557, 72 Fed. 260, wherein it was decided, in a case in all respects analogous to the one at bar, that when the question whether goods are to pay a specific or an ad valorem duty depends upon whether they exceed a certain value, and an appraisement is essential, that if the appraisement discloses that the goods have been undervalued they are subject to the additional duty of 1 per centum which is imposed by section 32 of the act of July 24, 1897 [U. S. Comp. St. 1901, pp. 1701, 1893]. This case (Pings v. U. S.) was before the supreme court of the United States, and the doctrine enunciated therein was upheld, in the case of Hoeninghaus v. U. S., 172 U. S. 622, 629, 630, 19 Sup. Ct. 305, 43 L. Ed. 576.

Counsel for the defendant in error further contend that the additional duty is not recoverable by the United States in an action brought for that purpose, because the complaint does not allege that the additional duty of 1 per centum was levied by the collector of the port of El Paso. We are of opinion, however, that, if the additional duty ought to have been levied, collected, and paid, the amount thereof may be sued for and recovered by the United States from the importer, although there was no formal levy. The right of the United States to the sum which was due to it and ought to have been paid was not forfeited by the neglect of the collector to make a levy, even if he was guilty of such neglect. It was not within his power, by a neglect of duty, to release a tax which was due to the United States. We feel constrained to hold, for the reasons above stated, that the case was erroneously decided by the lower court.

Its judgment is therefore reversed, and the case is remanded for a new trial.